Lawrence H. Meuers (SBN: 197663)
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| **DIVERSIFIED DISTRIBUTORS, INC.**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**VALLEY GIRL SALES AND MARKETING, INC.**, a California corporation; **YOLANDA RAMIREZ**, an individual; **MARITZA OLSON**, an individual also known as **MARITZA RUIZ**; and **JODY MITCHELL**, an individual,<br><br>Defendants. | Case No:<br><br>**Count I: Breach of Contract (Valley Girl - Produce Transactions)**<br>**Count II: Declaratory Relief (Valley Girl)**<br>**Count III: Failure to Promptly Pay (Valley Girl)**<br>**Count IV: Declaratory Relief Validating PACA Trust Claim (Defendants)**<br>**Count V: Creation of Common Fund, Enforcement of Payment From PACA Trust Assets, and Failure to Maintain PACA Trust (Valley Girl)**<br>**Count VI: Breach of Fiduciary Duty to PACA Trust Beneficiaries (Rodriguez)**<br>**Count VII: Unlawful Retention of PACA Trust Assets (Rodriguez)**<br>**Count VIII: Breach of Fiduciary Duty to PACA Trust Beneficiaries (Olson)**<br>**Count IX: Unlawful Retention of PACA Trust Assets (Olson)** |

**Count X: Breach of Fiduciary Duty to PACA Trust Beneficiaries (Mitchell)**

**Count XI: Unlawful Retention of PACA Trust Assets (Mitchell)**

**Count XII: Breach of Contract (Valley Girl - Storage)**

**Count XIII: Breach of Personal Guaranty (Olson)**

## COMPLAINT

Defendant, Valley Girl Sales and Marketing, Inc., failed to pay for the perishable agricultural commodities it purchased from Plaintiff, Diversified Distributors, Inc. As a result, Diversified Distributors, Inc. commences this lawsuit (a) to enforce its rights against Defendants under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§499a-t ("PACA"), the statutory trust established under PACA, 7 U.S.C. §499e(c) (the "PACA Trust"), federal common law, and state law and (b) recover damages from Defendants.

## PARTIES

1. Plaintiff is Diversified Distributors, Inc. ("Diversified"), a California corporation with its principal business location in Redlands, California.

2. Defendants are:
   (a) Valley Girl Sales and Marketing, Inc. ("Valley Girl"), a California corporation with its principal business location in Santa Maria, California during the relevant transactions and, now, in Fayetteville, Arkansas,
   (b) Yolanda Ramirez ("Ramirez"), an individual who, upon information and belief, resides in this district,

(c) Maritza Olson, an individual also known as Maritza Ruiz ("Olson") and who, upon information and belief, resides in Bentonville, Arkansas, and

(d) Jody Mitchell ("Mitchell"), an individual who, upon information and belief, resides in Fayetteville, Arkansas.

## JURISDICTION

3. Under 28 U.S.C. §1331, the Court has jurisdiction because Diversified's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. Under 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Diversified's non-PACA claims against Defendants.

## VENUE

5. Under 28 U.S.C. §1391(b), venue in this District is the proper because (a) Valley Girl entered into the contract here, (b) a substantial part of the events and omissions underlying Diversified's claims occurred here, and (c) the location for the relevant property is here.

## PRODUCE SALES - GENERAL ALLEGATIONS

6. Between June 2020 and February 2021, Diversified and Valley Girl entered into valid and enforceable contracts under which Diversified agreed to sell to Valley Girl and Valley Girl agreed to purchase from Diversified 25 shipments of peppers, tomatillos, and other fresh vegetabes (the "Vegetables"), in interstate and foreign commerce, in the aggregate amount of $110,822 (the "Tansactions").

7. The Vegetables were shipped from producers in Mexico to Valley Girl's customers throughout California

8. Valley Girl received and accepted the Vegetables at the contract destinations from Diversified without objections.

9. Diversified issued and sent invoices to Valley Girl reflecting the agreed upon quantities of Vegetables and amounts owed by Valley Girl.

10. Diversified's invoices to Valley Girl included additional terms and conditions for Valley Girl to pay attorneys' fees, costs, and pre-judgment interest accruing at the rate of 18% per annum.

11. Valley Girl failed to pay for the Vegetables it purchased from Diversified.

## CLAIMS FOR RELIEF
## COUNT I: VALLEY GIRL
## BREACH OF CONTRACT (PRODUCE)
*Cal. Com. Code Ann. §§2701-2725*

12. Diversified re-alleges ¶¶1 – 11.

13. As detailed in ¶¶6 and 7, Diversified and Valley Girl entered into contracts for (a) Diversified to sell to Valley Girl, in interstate and foreign commerce, Vegetables, and (b) Valley Girl to pay Diversified $110,822 for the Vegetables.

14. Valley Girl failed to pay for the Vegetables.

15. Diversified fully performed all conditions precedent to the agreed contracts.

16. Because Valley Girl breached the parties' contracts, Diversified suffered damages totaling $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a Judgment in its favor and against Valley Girl in an amount equal to $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

# COUNT II: VALLEY GIRL
## DECLARATORY RELIEF

17. Diversified alleges ¶¶1 - 16.

18. Under PACA, "perishable agricultural commodity" means "fresh fruits and vegetables of every kind and character," including frozen and packed in ice ("Produce"). 7 U.S.C. §499a(b)(4).

19. Under PACA, a "dealer" is defined as "any person engaged in the business of buying or selling Produce in wholesale or jobbing quantities in commerce." 7 U.S.C. § 499a(b)(6); 7 C.F.R. § 46.2(m).

20. Under PACA, "wholesale or jobbing quantities" of Produce is "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x).

21. Here, the Vegetables Diversified sold to Valley Girl consisted of various varieties of fresh peppers and tomatillos, which are perishable agricultural commodities as defined by PACA. 7 U.S.C. § 499a(b)(4).

22. Each Transaction consisted of a lot of Vegetables with a total weight of more than 2,000 pounds and were received in a single day.

23. Under PACA, interstate or foreign commerce means commerce between any state or territory and anyplace outside of it, 7 U.S.C. § 499a(b)(3).

24. Each Transaction was shipped from Mexico to one of Valley Girl's customers located in California.

25. When Valley Girl accepted the Vegetables in each Transaction, under PACA 7 U.S.C. § 499a(b)(6) and 7 C.F.R. § 46.2(m), Valley Girl was engaged in the business of a "dealer" subject to PACA because it purchased Produce in wholesale or jobbing quantities in foreign and interstate commerce.

For this reason, Diversified seeks an Order declaring that Valley Girl qualifies as a produce dealer subject to PACA.

## COUNT III: VALLEY GIRL
## FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

26. Diversified re-alleges ¶¶1 - 25.

27. During the relevant transactions, Valley Girl qualified as a produce dealer under PACA.

28. Valley Girl must tender full payment promptly to its unpaid produce suppliers and sellers.

29. As detailed in ¶6, Diversified sold Vegetables totaling $110,822 to Valley Girl in interstate commerce between June 2020 and February 2021.

30. Valley Girl failed to pay for the Vegetables it purchased from Diversified within the payment terms for each transaction.

31. Because Valley Girl failed to pay promptly for the Vegetables, Diversified has incurred damages totaling $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks an Order directing Valley Girl to immediately pay Diversified $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV: DEFENDANTS
## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. §499e(c)

32. Diversified re-alleges ¶¶1 - 16 and 17 - 25.

33. As detailed in ¶6, Diversified and Valley Girl entered into contracts for Diversified to sell Vegetables to Valley Girl in interstate and foreign commerce.

1  34. During the Transactions, Diversified (a) was a dealer subject to PACA and (b) held a valid PACA license (20040988) issued by the United States Department of Agriculture ("USDA").

35. During the relevant transactions, Valley Girl qualified as a produce dealer under PACA.

36. As detailed in ¶6, Diversified sold Vegetables totaling $110,822 to Valley Girl in interstate commerce between June 2020 and February 2021.

37. When Valley Girl received the Vegetables, (a) it became a trustee under the PACA Trust and (b) Diversified became eligible to participate in the PACA Trust.

38. By holding a valid PACA license, Diversified preserved its rights as a PACA Trust beneficiary of Valley Girl by including the required statutory statement on the face of each invoice it timely sent to Valley Girl.

39. Valley Girl failed to pay for the Vegetables it purchased from Diversified.

40. Diversified is an unpaid produce supplier and seller and is entitled to PACA Trust protection and payment from Valley Girl's assets that are subject to the PACA Trust.

For these reasons, Diversified seeks an Order declaring that it holds a valid PACA Trust claim in an amount equal to $110,822 against Valley Girl, and that its valid PACA Trust claim includes interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

# COUNT V: VALLEY GIRL
## CREATION OF COMMON FUND, ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS, AND FAILURE TO MAINTAIN PACA TRUST
### 7 U.S.C. §499e(c)

41. Diversified re-alleges ¶¶1 - 11, 17 – 25, and 33 – 40.

42. Assets subject to the PACA Trust include Valley Girl's inventories of produce, food or products derived from produce, accounts receivable, proceeds of the sale of produce or products, and assets commingled with, purchased with, or otherwise acquired with the sales proceeds (collectively, "PACA Trust Assets").

43. Valley Girl received the Vegetables described in ¶6.

44. Valley Girl possesses and has custody and control of PACA Trust Assets that belong to Diversified.

45. As a PACA trustee, Valley Girl must hold the PACA Trust Assets in trust for Diversified and other unpaid produce sellers and suppliers that hold valid PACA Trust claims, until all have received full payment.

46. Valley Girl failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA Trust claims, including Diversified's PACA Trust claim.

47. Because Valley Girl failed to maintain sufficient PACA Trust Assets to satisfy Diversified's PACA Trust claim, Diversified has suffered damages totaling $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks an Order:

(i) Directing Valley Girl to immediately pay to Diversified, as its PACA trust beneficiary, PACA Trust Assets in an amount no less than $110,822, plus interest at 18% per year from the date each

       invoice became past due, costs, and attorneys' fees, together with other relief this Court deems appropriate;

  (ii) Creating a common fund from which all PACA Trust beneficiaries may receive payment;

  (iii) Directing Valley Girl to maintain PACA Trust Assets in an amount no less than $110,822, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA Trust claims;

  (iv) Enjoining Valley Girl from dissipating PACA Trust Assets;

  (v) Directing Valley Girl to replenish the PACA Trust to a level sufficient to satisfy all qualified PACA Trust claims; and

  (vi) Proving other relief this Court deems appropriate.

## COUNT VI:  RAMIREZ
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

48. Diversified re-alleges ¶¶1 - 11, 17 – 25, 33 – 40, and 42 - 47.

49. During the relevant transactions, Ramirez was an officer and director of Valley Girl.

50. In these capacities, Ramirez controlled, or was in a position to control, Valley Girl's PACA Trust Assets.

51. Ramirez knew about and had full responsibility for Valley Girl's operations and financial dealings.

52. As trustee of the PACA Trust, Valley Girl failed to fulfill its duties as trustee of the PACA Trust, specifically, to maintain sufficient PACA Trust Assets to pay all PACA Trust beneficiaries as their claims became due.

53. Ramirez had fiduciary duties to ensure that Valley Girl fulfill its duties as PACA trustee.

54. Valley Girl breached its fiduciary duty as PACA trustee by failing to maintain sufficient PACA Trust Assets.

55. Ramirez breached her fiduciary duties by failing to ensure that Valley Girl fulfill its duties as PACA trustee.

56. Because Ramirez breached her fiduciary duties, Diversified suffered damages totaling $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a judgment in its favor and against Ramirez in an amount equal to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, less any PACA Trust Assets Diversified receives directly from Valley Girl.

## COUNT VII: RAMIREZ

## UNLAWFUL RETENTION OF PACA TRUST ASSETS

57. Diversified re-alleges ¶¶1 - 11, 17 – 25, 33 – 40, 42 - 47, and 49 - 56.

58. Upon information and belief, Valley Girl transferred PACA Trust Assets to Ramirez.

59. By transferring PACA Trust Assets to Ramirez, Valley Girl breached the PACA Trust, as these assets belong to Diversified and similarly situated PACA Trust beneficiaries of Valley Girl.

60. Ramirez has received PACA Trust Assets subject to Diversified's PACA Trust claims for no value and with actual or constructive knowledge of Diversified's PACA Trust rights.

61. Because Ramirez unlawfully retained PACA Trust Assets, Diversified has incurred damages in an amount totaling the value of the PACA Trust Assets she received up to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, but less any PACA Trust Assets Diversified recovers from Valley Girl.

62. Diversified seeks an Order:
   (i) Directing Ramirez to hold any PACA Trust Assets in her possession or control in constructive trust for Diversified's benefit;
   (ii) Directing Ramirez to pay an amount totaling the PACA Trust Assets she received up to $110,822 to Diversified; and
   (iii) Entering Judgment against Ramirez in an amount totaling the PACA Trust Assets she received up to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, but less any PACA Trust Assets Diversified recovers from Valley Girl.

**COUNT VIII: OLSON**

**BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES**

63. Diversified re-alleges ¶¶1 - 11, 17 – 25, 33 – 40, and 42 - 47.

64. During the relevant transactions, Olson was Valley Girl's Chief Operating Officer.

65. On Valley Girl's behalf, Olson signed Diversified's Credit Application as Chief Operating Officer.

66. In this capacity, Olson controlled, or was in a position to control, Valley Girl's PACA Trust Assets.

67. Olson knew about and had full responsibility for Valley Girl's operations and financial dealings.

68. As trustee of the PACA Trust, Valley Girl failed to fulfill its duties as trustee of the PACA Trust, specifically, to maintain sufficient PACA Trust Assets to pay all PACA Trust beneficiaries as their claims became due.

69. Olson had fiduciary duties to ensure that Valley Girl fulfill its duties as PACA trustee.

70. Valley Girl breached its fiduciary duty as PACA trustee by failing to maintain sufficient PACA Trust Assets.

71. Olson breached her fiduciary duties by failing to ensure that Valley Girl fulfill its duties as PACA trustee.

72. Because Olson breached her fiduciary duties, Diversified suffered damages totaling $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a judgment in its favor and against Olson in an amount equal to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, less any PACA Trust Assets Diversified receives directly from Valley Girl.

## COUNT IX: OLSON

## UNLAWFUL RETENTION OF PACA TRUST ASSETS

73. Diversified re-alleges ¶¶1 - 11, 17 – 25, 33 – 40, 42 - 47, and 64 - 72.

74. Upon information and belief, Valley Girl transferred PACA Trust Assets to Olson.

75. By transferring PACA Trust Assets to Olson, Valley Girl breached the PACA Trust, as these assets belong to Diversified and similarly situated PACA Trust beneficiaries of Valley Girl.

76. Olson has received PACA Trust Assets subject to Diversified's PACA Trust claims for no value and with actual or constructive knowledge of Diversified's PACA Trust rights.

77. Because Olson unlawfully retained PACA Trust Assets, Diversified has incurred damages in an amount totaling the value of the PACA Trust Assets she received up to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, but less any PACA Trust Assets Diversified recovers from Valley Girl.

78. Diversified seeks an Order:
    (i) Directing Olson to hold any PACA Trust Assets in her possession or control in constructive trust for Diversified's benefit;
    (ii) Directing Olson to pay an amount totaling the PACA Trust Assets she received up to $110,822 to Diversified; and
    (iii) Entering Judgment against Olson in an amount totaling the PACA Trust Assets she received up to $110,822, p plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, but less any PACA Trust Assets Diversified recovers from Valley Girl.

## COUNT X: MITCHELL
## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

79. Diversified re-alleges ¶¶1 - 11, 17 – 25, 33 – 40, and 42 - 47.

80. After the relevant transactions, Mitchell purchased Valley Girl from Ramirez and became the company's officer and director.

81. In these capacities, Mitchell controlled, or was in a position to control, Valley Girl's PACA Trust Assets.

82. Mitchell knew about and had full responsibility for Valley Girl's operations and financial dealings.

83. As trustee of the PACA Trust, Valley Girl failed to fulfill its duties as trustee of the PACA Trust, specifically, to maintain sufficient PACA Trust Assets to pay all PACA Trust beneficiaries as their claims became due.

84. Mitchell had fiduciary duties to ensure that Valley Girl fulfill its duties as PACA trustee.

85. Valley Girl breached its fiduciary duty as PACA trustee by failing to maintain sufficient PACA Trust Assets.

86. Mitchell breached her fiduciary duties by failing to ensure that Valley Girl fulfill its duties as PACA trustee.

87. Because Mitchell breached her fiduciary duties, Diversified suffered damages totaling $110,822, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a judgment in its favor and against Mitchell in an amount equal to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, less any PACA Trust Assets Diversified receives directly from Valley Girl.

## COUNT XI: MITCHELL

### UNLAWFUL RETENTION OF PACA TRUST ASSETS

88. Diversified re-alleges ¶¶1 - 11, 17 – 25, 33 – 40, 42 - 47, and 80 - 87.

89. Upon information and belief, Valley Girl transferred PACA Trust Assets to Mitchell.

90. By transferring PACA Trust Assets to Mitchell, Valley Girl breached the PACA Trust, as these assets belong to Diversified and similarly situated PACA Trust beneficiaries of Valley Girl.

91. Mitchell has received PACA Trust Assets subject to Diversified's PACA Trust claims for no value and with actual or constructive knowledge of Diversified's PACA Trust rights.

92. Because Mitchell unlawfully retained PACA Trust Assets, Diversified has incurred damages in an amount totaling the value of the PACA Trust Assets she received up to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, but less any PACA Trust Assets Diversified recovers from Valley Girl.

93. Diversified seeks an Order:

  (i) Directing Mitchell to hold any PACA Trust Assets in her possession or control in constructive trust for Diversified's benefit;

  (ii) Directing Mitchell to pay an amount totaling the PACA Trust Assets she received up to $110,822 to Diversified; and

  (iii) Entering Judgment against Mitchell in an amount totaling the PACA Trust Assets she received up to $110,822, plus interest at 18% per year from the date each invoice became past due, attorneys' fees, and costs, but less any PACA Trust Assets Diversified recovers from Valley Girl.

## COUNT XII: VALLEY GIRL
## BREACH OF CONTRACT (STORAGE)

94. Diversified re-alleges ¶¶1 - 5.

95. During July 2020 and August 2020, Diversified and Valley Girl entered into contracts for (a) Diversified to store Valley Girl's Vegetables and (b) Valley Girl to pay Diversified $4,950 in storage charges.

96. Diversified stored Valley Girl's Vegetables, and submitted an invoice to Valley Girl for the storage charges.

97. Valley Girl failed to pay Diversified for the storage charges.

98. Diversified fully performed all conditions precedent to the agreed contracts.

99. Because Valley Girl breached the parties' contracts, Diversified suffered damages totaling $4,950, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a Judgment in its favor and against Valley Girl in an amount equal to $4,950, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

## COUNT XIII: OLSON

## **BREACH OF PERSONAL GUARANTY**

100. Diversified re-alleges ¶¶1 – 16 and 95 - 99.

101. On July 6, 2020, Valley Girl completed Diversified's Credit Application.

102. On Valley Girl's behalf, Olson signed Diversified's Credit Application as Chief Operating Officer.

103. By signing the Credit Application, Olson personally guaranteed Valley Girl's obligations to Diversified and agreed to pay Diversified's incurred attorneys' fees and costs.

104. Valley Girl breached its contracts with Diversified by failing to pay for the Vegetables it purchased from Diversified and Diversified's storage charges.

105. Because Valley Girl breached the parties' contracts, Diversified suffered damages totaling $115,772, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

106. Olson has to pay Diversified the $115,772 Valley Girl owes Diversified.

107. Because Olson breached the personal guaranty, Diversified suffered damages totaling $115,772, plus interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Diversified seeks a Judgment in its favor and against Olson in an amount equal to $115,772, plus interest from the date each invoice became past due, costs, and attorneys' fees.

Respectfully submitted on March 25, 2024.

**MEUERS LAW FIRM, P.L.**

By: /s/ Lawrence H. Meuers
Lawrence H. Meuers (SBN 197663)

*Attorneys for Plaintiff, Diversified Distributors, Inc.*